**FOX ROTHSCHILD LLP**
(formed In The Commonwealth Of Pennsylvania)
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, NJ 08401-7212
(609) 348-1515 (phone)/(609) 348-6834 (fax)
Michael J. Viscount, Jr., Esquire (MV 4219)
Joshua T. Klein, Esquire (JK 8978)
Brian R. Isen, Esquire (BI 9738)
mviscount@foxrothschild.com
jklein@foxrothschild.com
bisen@foxrothschild.com
*Proposed Attorneys for the Debtor*
*and Debtor-in-Possession*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| ATLANTIC BROADCASTING OF LINWOOD NJ LIMITED LIABILITY COMPANY, | Case No. 10- |
| | Hon. _____ |
| Debtor. | |

## APPLICATION FOR EXPEDITED CONSIDERATION
## OF FIRST DAY MATTERS

On December 20, 2010, Atlantic Broadcasting of Linwood NJ Limited Liability Company ("Atlantic Broadcasting" or the "Debtor"), filed a petition for relief under chapter 11 of the Bankruptcy Code.

Proposed counsel for the Debtor requests that the following relief be provided on a first day basis (check those that apply):

1. \_\_\_\_    MOTION SEEKING THE JOINT ADMINISTRATION OF MULTIPLE DEBTOR BANKRUPTCY CASES.

   Requested hearing date and time:

<u>Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:</u>

2. __X__ MOTION FOR AN ORDER AUTHORIZING THE DEBTOR AN EXTENSION OF TIME WITHIN WHICH TO FILE STATEMENTS AND SCHEDULES.

<u>Requested hearing date and time:</u>   Tuesday, December 21, 2010 at 10:00 a.m.
<u>Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:</u>
The Debtor owns and operates five (5) prominent radio stations in the Atlantic City and Cape May, NJ areas.  As the Debtor's management has been focused on the issues and information needed to file the chapter 11 proceeding, they have not had the time to focus on gathering the information for preparation of the Schedules and Statement of Financial Affairs.  The Debtor requires additional time to prepare its Schedules and Statement of Financial Affairs.  Pursuant to Federal Rule of Bankruptcy Procedures 1007(c), the Debtors' petitions will be dismissed in fifteen (15) days unless this Court otherwise orders an extension of this time period.

3. __X__ MOTION OF DEBTOR FOR AN INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 (I) APPROVING POST-PETITION FINANCING, (II) AUTHORIZING THE USE OF CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING THE AUTOMATIC STAY AND (VI) SCHEDULING A FINAL HEARING.

<u>Requested hearing date and time:</u> Tuesday, December 21, 2010 at 10:00 a.m.
<u>Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:</u>
As noted above, the Debtor owns and operates five (5) prominent radio stations.  The Debtor is continuing to operate their businesses and must be able to pay their vendors, landlords and employees on a current basis.  The Debtor needs Debtor in Possession financing in order to fund a missed payroll for employees and to continue to operate its business.

4. __X__ MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 363, 1107 AND 1108 (A) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM; (B) CONTINUED USE OF EXISTING BUSINESS FORMS AND (C) WAIVING DEPOSIT GUIDELINES UNDER 11 U.S.C. § 345

        Requested hearing date and time: Tuesday, December 21, 2010 at 10:00 a.m.
        <u>Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:</u>

5._____    MOTION FOR AN ORDER AUTHORIZING A DEBTOR TO MODIFY THE INVESTMENT GUIDELINES SET FORTH IN BANKRUPTCY CODE § 345 ON AN INTERIM BASIS, PROVIDING THE UNITED STATES TRUSTEE'S OFFICE ND ANY OTHER PARTIES-IN-INTEREST A 60-DAY PERIOD TO OBJECT TO SAID BEFORE IT BECOMES A FINAL ORDER.

        <u>Requested hearing date and time:</u>   _____
        <u>Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:</u>

6.\_\_\_X\_\_\_    MOTION FOR AN ORDER AUTHORIZING (I) PAYMENT OF PREPETITION DATE WAGES, SALARIES, COMMISSIONS, VACATION PAY AND EMPLOYEE BENEFITS, AND (II) REIMBURSEMENT OF EMPLOYEE BUSINESS EXPENSES PURSUANT TO 11 U.S.C. §§ 105, 363(b), 507(a)(4) and 507(a)(5).

        <u>Requested hearing date and time:</u> Tuesday, December 21, 2010 at 10:00 a.m.
        <u>Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:</u>

        Debtor deferred its payroll payments on December 14, and its next payroll is scheduled to be released on December 28 , 2010 for the period December 13 to December 26, hence the need for expedited consideration. Additionally, it is anticipated that there may exist outstanding payroll checks from the immediately preceding period which have not yet been cashed.  Failure to pay wages and related benefits when due will have a detrimental effect on the Debtor's employees and, accordingly, could adversely impact on the Debtor's reorganizational or sale efforts.

7.\_\_\_\_    MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO PAY PETITION SALES, USE, PAYROLL AND OTHER TAXES THAT OTHERWISE PRIORITY CLAIMS UNDER BANKRUPTCY CODE § 507.

        <u>Requested hearing date and time:</u>   _____
        <u>Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:</u>

LV1 1293571v1 12/17/10

8._____       MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO MAINTAIN CREDIT CARD FACILITIES.

   Requested hearing date and time:
   Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:

9.\_\_\_\_       MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO HONOR CERTAIN PRE-PETITION CUSTOMER OBLIGATIONS, DEPOSITS, REBATES, ETC.

   Requested hearing date and time:
   Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:

10._____       MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO WITH AND PAY PRE-PETITION OUTSTANDING DUE ON VARIOUS INSURANCE POLICIES.

   Requested hearing date and time:
   Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:

11. _____       MOTION FOR AN ORDER AUTHORIZING PAYMENT OF AND UNPAID-PETITION DEBT TO CERTAIN VENDORS WHO PROVIDE CRITICAL AND NECESSARY AND/OR PRODUCTS TO THE DEBTOR.

   Requested hearing date and time:
   Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:

12. \_\_\_\_       DEBTOR'S MOTION FOR ENTRY OF AN ORDER FOR (A) INTERIM RELIEF PURSUANT TO 11 U.S.C. §§ 105 AND 366(b) AND (B) SETTING METHOD OF SERVICE OF OPPORTUNITY FOR HEARING OBJECTIONS TO ENTRY OF INTERIM AND FINAL ORDERS DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR POST-PETITION UTILITY SERVICES

   Requested hearing date and time:
   Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:

13. _____       MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO A CLAIMS AND NOTICING AGENT

4

Requested hearing date and time: _____
Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:

14. _____    MOTION FOR AN ORDER ESTABLISHING NOTICING PROCEDURES

Requested hearing date and time: _____
Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:

15. _____    MOTION OF DEBTOR FOR ENTRY OF AN ORDER ESTABLISHING A BAR DATE FOR FILING CLAIMS AGAINST THE DEBTOR;

Requested hearing date and time: _____
Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:

16. _____    MOTION OF DEBTOR TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF CHAPTER 11 PROFESSIONALS AND COMMITTEE MEMBERS;

Requested hearing date and time:
Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:

17. _____    MOTION FOR AN ORDER AUTHORIZING REJECTION OF NON-RESIDENTIAL LEASES OF REAL PROPERTY AND RELATED EXECUTORY CONTRACTS *NUNC PRO TUNC* TO THE PETITION DATE

Requested hearing date and time:
Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:

18. _____    MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDERS PURSUANT TO 11 U.S.C. §§ 105, 363, AND 365 AND FED.R.BANKR.P. 2002, 6004, 6006 AND 9014 (I) APPROVING AUCTION AND BIDDING PROCEDURES, (II)(A) APPROVING ASSET PURCHASE AGREEMENT FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS (B)

Requested hearing date and time: _____
Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:

19. _____ MOTION APPROVING FORM AND MANNER OF NOTICE OF SALE AND OVERBID PROCEDURES AND BIDDING PROTECTIONS, AND (C) AUTHORIZING SUCH SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (D) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

Requested hearing date and time: _____
Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:

20. _____ MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING DEBTORS TO ASSUME PRE-PETITION EXECUTORY CONTRACT, (B) AUTHORIZING REJECTION PROCEDURES AND (C) AUTHORIZING THE DEBTORS TO CONDUCT A GOING OUT OF BUSINESS SALE.

Requested hearing date and time: _____
Brief recitation of the reason why expedited consideration is necessary as set forth in supporting certification:

DATED: December 20, 2010     Respectfully submitted,

FOX ROTHSCHILD LLP
(Formed in the Commonwealth of Pennsylvania)

*Proposed Counsel for Debtors and Debtors-in-Possession*

By: /s/ Michael J. Viscount, Esquire
     Michael J. Viscount, Jr., Esquire
     Joshua T. Klein, Esquire

NOTE: Each motion or application for which expedited consideration is requested shall be filed with the Clerk of the U.S. Bankruptcy Court for the District of New Jersey and served upon the United States Trustee and all affected parties.

6

LV1 1293571v1 12/17/10